# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID WILLIAMS,**
**Claimant Below, Petitioner**

**vs.)    No. 11-1091** (BOR Appeal No. 2045516)
                        (Claim No. 2009073496)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PATENT CONSTRUCTION SYSTEMS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David Williams, by Samuel F. Hanna, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Patent Construction Systems, by Lynn C. Photiadis, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 24, 2011, in which the Board affirmed a December 28, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 15, 2009, order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. David Williams was employed by Patent Construction Systems as a construction worker on November 16, 2008, when he sustained a compensable injury. An equipment lift malfunctioned and fell about three feet striking the claimant on his head and back. Mr. Williams was wearing a hardhat at the time of the accident. The claim was held compensable for thoracic compression fracture on September 25, 2009. Mr. Williams continued to have symptoms and continued new complaints, seeing multiple doctors and having many diagnostic tests performed. On October 15, 2009, the claim administrator ruled the claim closed for temporary total disability benefits. Mr. Williams appealed that ruling.

In support of further temporary total disability benefits, Mr. Williams submitted the reports and deposition of Dr. James Malone. Dr. Malone found that Mr. Williams had not reached maximum medical improvement and felt that his continued symptoms and problems were related to the November 16, 2008, compensable injury. Dr. Malone admitted in deposition that he first saw the claimant six months after the compensable injury; that he did not know the specific injury found compensable; and that he had never reviewed all of the prior medical information related to the compensable injury.

Patent Construction Systems submitted the finding of Dr. P. Kent Thrush and Dr. Mohammed Ranavaya. After examining Mr. Williams and reviewing all of his relevant medical records, Dr. Thrush and Dr. Ranavaya found that Mr. Williams had reached maximum medical improvement. Dr. Thrush stated that based on the MRI finding of Dr. Brick, a neurologist at West Virginia University, that Mr. Williams was now at maximum medical improvement and there was no evidence to support the necessity of any additional treatment in regards to the compensable injury. Dr. Ranavaya concluded that Mr. Williams had sustained a mild compression fracture of T1, T2, which had healed and that any problems that Mr. Williams may be suffering were not causally related to the compensable injury.

In its Order, the Office of Judges found that based upon credible medical evidence Mr. Williams had reached maximum medical improvement; therefore the termination of temporary total disability benefits was appropriate. The Board of Review reached the same reasoned conclusion in its decision of June 24, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** **April 19, 2013**


**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3